## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

**GUILLERMO RUIZ,**

        **Petitioner,**

**v.**                                   **Civil Action No. 5:07cv84**
                                              **(Judge Stamp)**

**JOE D. DRIVER,**

        **Respondents.**

## ORDER GRANTING IN FORMA PAUPERIS BUT DIRECTING
## PETITIONER TO PAY THE $5.00 FILING FEE

On July 3, 2007, the *pro se* petitioner initiated this case by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. This case is before the undersigned on the petitioner's Application for Leave to Proceed In Forma Pauperis, executed Consent to Collection of Fees form, and Prisoner Trust Account Report.

All litigants are required to pay the costs and fees associated with civil lawsuits unless their financial condition warrants a grant of *in forma pauperis* status pursuant to 28 U.S.C. § 1915. Therefore, if a petitioner submits a certified copy of his trust fund statement for the six-month period immediately preceding the filing of the action, then the Court may consider his request. Here, the petitioner asserts in his application that he is employed by the Bureau of Prisons, but and that he receives no compensation from his employment and that he has no assets or other means of support. However, the ledger sheets for the petitioner's institutional account show that the petitioner does receive compensation from his prison employment and that he occasionally receives money from outside resources. The ledger sheets also show that, on average, the petitioner received monthly deposits in the amount of $25.91 during the six months preceding the filing of this action.

Accordingly, the undersigned believes that the petitioner is a pauper and therefore finds that his motion to proceed *in forma pauperis* (dckt. 3) is **GRANTED**. However, because the petitioner earns and receives enough funds to pay the required filing fee, he will be required to pay the $5.00 filing fee within **thirty (30) days** from the date of this Order. The failure to do so could result in the dismissal of this case without further notice.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to the *pro se* petitioner.

DATED: July 6th , 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE